# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-40135
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OSCAR ALCALA-ARREDONDO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-1304-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Oscar Alcala-Arredondo (Alcala) was convicted by a jury of conspiring to possess with intent to distribute over five kilograms of cocaine and of possessing with intent to distribute over five kilograms of cocaine. On appeal, he asserts that the district court abused its discretion by admitting into evidence a report culled from the Treasury Enforcement Communication System (TECS). Alcala asserts that the report was inadmissible because it was created in anticipation of the criminal trial. Because he did not challenge the report on this ground

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

below, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-37 (1993). Alcala cannot establish error by the district court because the license plate data was originally gathered in the ordinary course of business as part of a general information-gathering procedure. See United States v. Puente, 826 F.2d 1415, 1418 (5th Cir. 1987).

Alcala contends that in order to offer computer business or public records, the Government had to meet a "heightened showing" for admissibility by establishing the original source of the computer program and detailing testing procedures used to ensure the accuracy and reliability of input control. "Circumstances relating to the identity or competency of the preparer are relevant only to the weight of the evidence, not to its admissibility." United States v. Gremillion, 464 F.2d 901, 907 (5th Cir. 1972)(upholding admission of evidence under 28 U.S.C. § 1732).

Alcala asserts that the admission of the evidence without corroborating testimony rendered the evidence inadmissible. Any absence of corroboration affects the weight that the evidence should receive, rather than its admissibility. See United States v. Garcia Abrego, 141 F.3d 142, 176 (5th Cir. 1998)(FED. R. EVID. 404(b) evidence). The district court did not abuse its discretion by admitting the TECS report into evidence. See United States v. Lopez-Moreno, 420 F.3d 420, 437 (5th Cir. 2005). The judgment of the district court is AFFIRMED.